## T. & P. R'Y Co. v. SCHNEIDER & DAVIS.

(No. 1095, Op. Book No. 3, p. 469.)

APPEAL from Dallas County.   Opinion by WHITE, P. J.

§ 118. *Common carrier; warehousemen; respective liabilities of.* A common carrier is liable for goods lost or destroyed while in his care, unless such loss or destruction is shown to have been occasioned by the act of God, the public enemy, or the fault of the owner. A warehouseman is only liable for failing to exercise ordinary care in preserving the goods.

§ 119. *Common carrier; commencement and termination of liability of.* A common carrier is liable as such for goods intrusted to him, from the commencement of

the trip or voyage until the goods are delivered to the consignee at the point of destination; provided, that if the carrier at the point of destination shall use due diligence to notify the consignee, and the goods are not taken by the consignee, and have in consequence to be stored in the depot or warehouse of the carrier, the carrier shall thereafter only be liable as warehouseman. [R. S. arts. 281, 282.]

§ **120.** *Notice to consignee; requisites of; effect of.* The notice intended by the statute must be such as will inform the consignee with reasonable certainty that the carrier is ready to deliver the goods, and the place of delivery, and must be given in business hours. After such notice given, the consignee is entitled to a reasonable time in which to take and remove the goods, and as to what would constitute reasonable time must depend upon the circumstances of each particular case.

§ **121.** *Delivery of goods by carrier; time and manner of.* The goods must be tendered in a proper time and manner, as well as place, to relieve the carrier from responsibility. Hence it must be within business hours, and under such circumstances that the consignee may receive and put his goods away consistently with their safety. And it is the duty of the carrier to hold the goods in his custody until this may be done, and while he does so he continues to hold them under his responsibility as carrier. [Morgan v. Dibble, 29 Tex. 119.]

§ **122.** *Common carrier may enlarge, but not restrict, liability.* While the law prohibits common carriers from limiting their liability, as such, by special contract, there is no prohibition against their extending or enlarging that liability by special contract or arrangement.

January 29, 1881.                    Affirmed.